JONATHAN DILLARD *v.* G. J. CLEMENTS *et al.*

1. PRINCIPAL AND AGENT. *Disclosure of Agency Necessary. When.*
   Where a party accepts Confederate money in satisfaction of a
   judgment assigned to him as agent, without disclosing his agen-
   cy, the payment is valid, and such satisfaction by the assignee
   of the judgment can not be set aside at the instance of the
   assignor.

See Glass *v.* Davidson, 1 Baxter, 47; Story on Agency, § 430.

---

FROM SMITH.

---

Appeal from the Circuit Court. ANDREW MC-
CLAIN, Judge.

S. M. FITE for Jonathan Dillard.

W. W. WARD and A. A. SWOPE for Clements.

Opinion by the Court.

On the 8th of September, 1860, J. Dillard recov-
ered a judgment before a Justice of the Peace for
Smith County against G. J. Clements, for $70, which
was stayed by J. E. Clarke and Charlotte Clements.
Dillard immediately assigned the judgment on the
Magistrate's docket to Robert Traywick. After the
stay had expired, Traywick accepted payment from G.
J. Clements in Confederate money, and entered satis-
faction thereof on the docket.

In 1866 J. Dillard applied to the Magistrate and
obtained the issuance of a *scire facias*, requiring the
defendants in the judgment to show cause why the

entry of satisfaction on the docket should not be set aside and vacated, upon the ground that the alleged payment was wrongful and illegal. J. Dillard failed to appear and prosecute his *scire facias,* whereupon the Justice of the Peace gave judgment for the defendants.

Afterwards J. Dillard filed his petition for a writ of *certiorari,* and brought the case into the Circuit Court. After a motion to dismiss the petition was overruled, the question whether the payment of the judgment was valid or not, was submitted to a jury, who, under the charge of the Court, found that the payment was invalid; and thereupon judgment was rendered against the defendants, for the amount of the judgment of the Justice of the Peace.

At a subsequent day of the term the Judge set aside the verdict of the jury and the judgment thereon, and quashed the *scire facias.* From this judgment J. Dillard has appealed.

The first question in the case is, whether the Court erred in overruling the motion to dismiss the petition for *certiorari.* The petitioner, after stating the judgment as already set out, proceeds to state the merits of his case, as follows:

"The said judgment, though in the name of petitioner, was intended to be for the heirs and distributees of William Dillard, deceased, and was handed over by petitioner to A. Dillard, the agent of some of said distributees, and he made one Robert Traywick agent to attend to the collection of said judg-

ment, and said judgment was assigned on the docket to allow him, said Traywick, to manage the same, though he had no interest whatever in said judgment, and has none yet. Some time afterward said Traywick, without any authority whatever from any person interested in said judgment, or said A. Dillard, the agent of the distributees, to whom the same was to be paid, or from your petitioner, accepted payment from said Clements on said judgment in Confederate Treasury notes."

The petitioner proceeds to give a good reason for failing to appeal from the judgment of the Justice of the Peace, but nowhere states that the defendant in the execution, Clements, paid the Confederate Treasury notes with a knowledge that Traywick was but the agent or trustee for the collection of the money for A. Dillard. According to the statement in the petition, J. Dillard, in whose favor the judgment was rendered, divested himself of all interest in and control over the judgment, by transferring the same on the docket to Traywick. By this transfer Traywick was vested with a right to manage and control the collection of the debt as if it had been his own. Under such circumstances the payment made by Clements was valid and binding, unless it had been made to appear that he had knowledge at the time that Traywick was only an agent or trustee for the collection of the money. The rule is thus laid down by Mr. Story, in his work on Agency, Section 430: "If the payments are received by the agent, accord-

Jonathan Dillard *v.* G. J. Clements *et al.*

ing to the ordinary course of business, or even if they are made out of the ordinary course of business, if the agent alone is known, or is supposed to be the principal, and the debtor has no notice of any claim by the real principal, the latter would be bound thereby."

As petitioner failed to charge notice on the defendant, Clements, at the time of making payment in Confederate money, we are of opinion that the petition ought to have been dismissed for the want of merits. This renders it unnecessary to notice the subsequent proceedings in the case, except to state that the Circuit Judge arrived at a proper conclusion, and the judgment is therefore affirmed.